**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN A. SCHEUERLE,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **USAA CASUALTY INSURANCE** | : | **No. 25-cv-7382** |
| **COMPANY,** | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                              **March 31, 2026**

Pending before the Court is Defendant USAA Casualty Insurance's ("USAA") Motion to Quash (ECF No. 16).  For the reasons set forth below, the Motion (ECF No. 16) will be **GRANTED in part** and **DENIED in part**.

**I.      INTRODUCTION**

This case stems from Defendant USAA's denial of Plaintiff Stephen A. Scheurle's homeowners' insurance claim.  ECF No. 27 ¶ 34.  Plaintiff alleges that starting on or about July 1, 2024, he suffered a water intrusion of unknown origin to his house.  *Id.* ¶¶ 7–11.  Plaintiff filed a claim with USAA for the water damage.  *See id.* ¶¶ 7, 34.  USAA dispatched a third party, American Leak Detection, to conduct an inspection of the damage.  *Id.* ¶ 9.  According to Plaintiff, USAA directed American Leak Detection only to document "visible interior damage" and not to investigate the underlying cause of the damage.  *Id.* ¶ 19.  After reviewing American Leak Detection's consulting report, USAA denied the claim.  *See id.* ¶¶ 20, 38.  USAA determined that the damage was not covered because his policy contained an exclusion for "wear and tear."  *Id.* ¶ 34.  This lawsuit followed.

On January 9, 2026, Plaintiff sent Defendant USAA a federal subpoena (the "Subpoena") directed to third-party American Leak Detection, requesting the following documents:

1.  Any policies, procedures or protocol which relate to, refer to

and/or reference USAA, homeowner claims process procedures or protocol for handling;

2. Any policies, procedures or protocols as to the process for inspecting, documenting and reports to USAA on potential homeowner claims;

3. Any and all emails, letters, estimates, photographs, correspondence, audio recordings, telephone messages, logs, memos which relate to, refer to or reference the property at 5 Shannon Circle, Bryn Mawr, PA 19010;

4. Any and all emails, letters, estimates, photographs, investigation, inspections related to, referring to or referencing the property at 5 Shannon Circle, Bryn Mawr, PA 19010;

5. The contract for work by American Leak Detection performed at the request of USAA as it relates to the property at 5 Shannon Circle, Bryn Mawr, PA 19010.

ECF No. 16-1 at 6 ("Addendum to Subpoena").

Defendant now moves to quash the requests contained in Paragraph Nos. 1, 2, and 5 of the Subpoena, as well as the requests contained in Paragraph Nos. 3 and 4 of the Subpoena to the extent that these requests are not limited to the July 19, 2024 inspection and inspection report. ECF No. 18 at 7–10. The matter has been fully briefed, ECF Nos. 18–19, and will be considered on the basis of the submissions without oral argument.

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Rule") 45, "parties may issue subpoenas to command a person to 'attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises.'" *Radon v. Falcon Safety Prods., Inc.*, No. 23-1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). All such requests are subject to the ordinary rules of discovery. *See id.* As relevant here, Rule 26(b), limits the scope

2

of discovery and requires the materials sought by the opposing party be relevant to the underlying claims or defenses, proportional to the needs of the case, and not overly burdensome. Fed. R. Civ. P. 26(b)(1).

Accordingly, courts must quash or modify a subpoena where the request for materials is unduly burdensome, seeks privileged or protected materials, exceeds the geographical limits imposed by Rule 45(c), fails to provide a reasonable amount of time to comply, requires "disclosing trade secret or other confidential research, development, or commercial information[,]" or requires making certain other expert disclosures. Fed. R. Civ. P. 45(d)(3)(B)(i)–(iv). In order to determine whether a subpoena must be quashed or modified, courts balance "several competing factors in assessing a subpoena's reasonableness, including (1) relevance, (2) the party's need for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation." *Ocwen USVI Servs., LLC v. U.S. V.I.*, 350 F.R.D. 503, 519 (D.V.I. 2025) (citation omitted).

### A. USAA Has Standing to Move to Quash the Subpoena

As an initial matter, Plaintiff argues that USAA lacks standing to move to quash because the Subpoena is directed at a third party, America Leak Detection. ECF No. 18 at 2. "Generally, 'a party does not have standing to quash a subpoena served on a third party.'" *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E. D. Pa. 2001)). An exception to this general rule applies, however, where the moving party has asserted "some personal right or privilege in respect to the subject matter of a subpoena duces tecum on a third party." *Id.* (quotation omitted). Examples include:

> [T]he movant's financial or employment records or records of a

> criminal investigation of the movant, assertion[s] of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party, an interest in one's personal identifying information, and the movant's medical and mental health records based on privilege and confidentiality of the records.

*Ocwen USVI Servs., LLC*, 350 F.R.D. at 519 (citation omitted).

Upon review, the Subpoena requests American Leak Detection to produce documents pertaining to its business relationship with USAA. *See* ECF No. 16-1 at 6. Specifically, the Subpoena asks American Leak Detection to produce documents relating to its inspection protocols and procedures from USAA—a direct product of the Parties' business relationship. *See id.* Therefore, the Court is satisfied that Defendant has asserted a sufficiently personal right in respect to the subject matter of the Subpoena. *See First Sealord Sur.*, 918 F. Supp. 2d at 382 (citation omitted). Accordingly, USAA has standing to move the Court to quash the Subpoena. *Id.* With the issue of standing addressed, the Court moves to the merits of Defendant's Motion to Quash.

**B. Paragraph No. 1 of the Subpoena**

*First*, Defendant asks the Court to quash Plaintiff's request for the production of documents in Paragraph No. 1 of the Subpoena. ECF No. 16 at 7–8. The request contained in Paragraph No. 1 seeks "any policies, procedures or protocol which relate to, refer to and/or reference USAA homeowner claims process procedures or protocol for handling." ECF No. 16-1 at 6. Defendant argues that the request for documents contained in Paragraph No. 1 of the Subpoena is not reasonable because the request is not limited to the actual time or geographic location of the inspection of Plaintiff's home. ECF No. 16 at 4.

The Court will grant in part Defendant's Motion as to the request contained in Paragraph No. 1 of the Subpoena. As written, this request is overly broad in light of the underlying claims raised by Plaintiff. As discussed *supra* at Part I, Plaintiff has asserted claims for breach of contract

4

and statutory insurance bad faith on the basis that Defendant committed bad faith and/or breached Plaintiff's homeowners' insurance policy when it denied his claim for water damage, citing his policy's exclusion for "wear and tear[.]"  ECF No. 27 ¶¶ 11, 34, 40, 43–59.  But Plaintiff's claim is limited to *one* claim denial by Defendant in connection with one inspection by American Leak Detection.  ECF No 27 ¶¶ 7–11.  Statutory insurance bad faith claims require the plaintiff to show "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l. Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).  Accordingly, American Leak Detection's official policies and protocols for inspecting damage reported by an individual insured by USAA are discoverable because they may lead to admissible evidence to support Plaintiff's claim.  *See* Fed. R. Civ. P. 26(b)(1).  But as Defendant points out, American Leak Detection should not be burdened with the obligation to product documents from an undefined period of time without a geographic scope.

Upon review of the underlying claims, the Court finds that the requests contained in Paragraph No. 1 of the Subpoena must be limited in both time and geographic scope.  Plaintiff's homeowners' insurance claim was filed pursuant to a policy written for a property located in Pennsylvania.  ECF No. 27 ¶¶ 1–6.  Therefore, the Court will limit the request to information related to USAA homeowner claims relating to properties in Pennsylvania.  The Court will limit Plaintiff's request for documents to documents that American Leak Detection created, sent, or received to the time period during which the inspection and claims review and denial took place.

Accordingly, Defendant's Motion to Quash (ECF No. 16) is granted in part as to Paragraph No. 1 of the Subpoena.  The Court will modify the request contained in Paragraph No. 1 of the Subpoena as follows:

> Any policies, procedures or protocol which relate to, refer to and/or

reference USAA homeowner claims process procedures or protocol for handling **relating to USAA homeowner claims made in the Commonwealth of Pennsylvania between January 1, 2024 and May 23, 2025**.

### C. Paragraph No. 2 of the Subpoena

*Second*, Defendant asks the Court to quash the request contained in Paragraph No. 2 of the Subpoena. ECF No. 16 at 8–9. The request contained in Paragraph No. 2 seeks "[a]ny policies, procedures or protocols as to the process for inspecting, documenting and reports to USAA on potential homeowner claims[.]" ECF No. 16-1 at 6. Defendant argues that this request should be quashed because it too, will not lead to the discovery of admissible evidence relating to Plaintiff's statutory insurance bad faith claim. ECF No. 16 at 8.

The Court will grant in part Defendant's Motion as to the request contained in Paragraph No. 2 of the Subpoena. Upon review, the Court finds that the documents requested in Paragraph No. 2 of the subpoena are relevant to Plaintiff's statutory bad faith insurance claim because they relate to American Leak Detection's reporting and inspection process for USAA homeowners' insurance claims. *See Rancosky*, 170 A.3d at 377 (stating elements of a statutory insurance bad faith claim under Pennsylvania common law). However, like the request contained in Paragraph No. 1 of the Subpoena, this request is not limited in time or geographic scope. *See* ECF No. 16-1 at 6. On this basis, the Court finds that the request is unreasonable as written because it is disproportionate to the needs of the litigation in light of Plaintiff's underlying claims.

Accordingly, Defendant's Motion to Quash is granted in part as to Paragraph 2 of the Subpoena and the Court will modify the request contained in Paragraph No. 2 of the Subpoena as follows:

> Any policies, procedures or protocols as to the process for inspecting, documenting and reports to USAA on potential homeowner claims **relating to USAA homeowner claims made in the Commonwealth of Pennsylvania between January 1, 2024**

**and May 23, 2025**.

### D. Paragraph Nos. 3 and 4 of the Subpoena

*Third*, Defendant asks the Court to quash the requests for documents contained in Paragraph Nos. 3 and 4 of the Subpoena, to the extent that the requests are *not* limited to the July 19, 2024 inspection and the inspection report. ECF No, 16 at 9. Paragraph Nos. 3 and 4 of the Subpoena request "[a]ny and all emails, letters, estimates, photographs, correspondence, audio recordings, telephone messages, logs, memos which relate to, refer to or reference the property at 5 Shannon Circle, Bryn Mawr, PA 19010[,] . . . [a]ny and all emails, letters, estimates, photographs, investigation, inspections related to, referring to, or referencing the property at 5 Shannon Circle, Bryn Mawr, PA 19010[.]" ECF No. 16-1 at 6.

The Court will grant in part Defendant's Motion as to the request contained in Paragraph Nos. 3 and 4. As written, these requests are unreasonable because they are disproportionate to the needs of the litigation. While limited to the subject of the location of Plaintiff's residence, the requests are not limited to the period of time during which American Leak Detection actually inspected Plaintiff's home and reported the inspection to USAA. *See* ECF No. 16-1 at 6; *see also* ECF No. 27 ¶ 9.

Accordingly, Defendant's Motion to Quash (ECF No. 16) is granted in part as to the requests contained in Paragraph Nos. 3 and 4 of the Subpoena. The Court will modify Paragraph No. 3 as follows:

> Any and all emails, letters, estimates, photographs, correspondence, audio recordings, telephone messages, logs, memos which relate to, refer to or reference the property at 5 Shannon Circle, Bryn Mawr, PA 19010 **between January 1, 2024 and May 23, 2025**.

The Court will modify Paragraph No. 4 as follows:

> Any and all emails, letters, estimates, photographs, investigation, inspections relating to, referring to or referencing the property at 5

Shannon Circle, Bryn Mawr, PA 19010 **between January 1, 2024 and May 23, 2025**.

### E. Paragraph No. 5 of the Subpoena

*Finally*, Defendant asks the Court to quash the request for documents contained in Paragraph No. 5 of the Subpoena. ECF No. 16 at 9–10. Paragraph No. 5 requests "the contract for work by American Leak Detection performed at the request of USAA as it relates to the property at 5 Shannon Circle, Bryn Mawr, PA 19010." ECF No. 16-1 at 6. The Court notes that USAA, as a party to its own contract and to this lawsuit, may prove to be a better source for this information. However, this information *is* discoverable. The contract between USAA and American Leak Detection may lead to admissible evidence to support Plaintiff's underlying claims for breach of contract and statutory insurance bad faith. Accordingly, Defendant's Motion to Quash is denied as to the request contained in Paragraph No. 5 of the Subpoena.

### III.    CONCLUSION

For the foregoing reasons, the Court will **GRANT in part** and **DENY in part** Defendant USAA's Motion to Quash (ECF No. 16). The Court will grant Defendant's Motion to Quash and will *modify* the requests contained in Paragraph Nos. 1–4 of the Subpoena. The Court will deny Defendant's Motion to Quash the request contained in Paragraph No. 5 of the Subpoena. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

8